### CARTER RICE & CO. v. AUBIN.

(Circuit Court of Appeals, First Circuit. August 17, 1909.)

#### No. 815.

1. MASTER AND SERVANT (§ 289*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE—WHEN QUESTION FOR JURY.

In an action by a servant against the master to recover for an injury resulting from the explosion of a can of wood alcohol, which he had set upon a bench on which was also a lighted lamp, contributory negligence as matter of law in setting the can very close to the lamp was not established by the opinion of an expert that there could have been no explosion if the can had been placed at the distance testified by plaintiff, where such opinion was based on the assumption that the vapor from the can would distribute itself evenly in all directions, without allowance for actual conditions, such as drafts or surrounding objects by which it might be affected.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1119, 1120; Dec. Dig. § 289.*]

2. EVIDENCE (§§ 546, 547*)—EXPERTS—EXAMINATION—DISCRETION OF COURT.

The exclusion of a question asked an expert witness, either on the ground that he was not shown to be qualified or because too general, is largely within the discretion of the court.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2363, 2364; Dec. Dig. §§ 546, 547;* Witnesses, Cent. Dig. § 849.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the District of New Hampshire.

Robert Manning (Burnham, Brown, Jones & Warren, on the brief), for plaintiff in error.

Oliver E. Branch (Branch & Branch and Burns & Burns, on the brief), for defendant in error.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

COLT, Circuit Judge. This is a suit to recover damages for personal injuries caused by an explosion of wood alcohol. The plaintiff, while in the employ of the defendant, was engaged in soldering a dripping pan. He filled the lamp for heating the soldering iron from a gallon can containing about a quart of wood alcohol. He then set the can down upon the bench where he was working. Some 30 minutes afterwards the alcohol exploded, inflicting the injuries complained of. The room in which the plaintiff was working was 15 degrees warmer than the adjoining room, from which he took the can of alcohol just before beginning this work.

The jury in the court below returned a verdict for the plaintiff, and the case is before this court on writ of error.

The defendant relies upon two rulings of the court below to which exceptions were duly taken:

First. The refusal of the court to direct a verdict for the defendant on the ground that the plaintiff was guilty of contributory negligence as a matter of law.

Second. In overruling the following question propounded to Prof. Angell, defendant's expert:

"Whether or not cans such as this can are commonly used in various establishments of various kinds in keeping wood alcohol?"

1. In the trial court the question of the plaintiff's contributory negligence turned upon whether he set the can of alcohol in close proximity to the lamp, or at a reasonably safe distance. Upon this issue the evidence was conflicting. The plaintiff testified that he set the can about three feet away from the lamp. On the other hand, Pine, superintendent of the defendant's mill, testified that after the explosion he found the can from three to six inches from the lamp, which was still burning. Upon this state of proof the court submitted the question of contributory negligence to the jury under instructions to which no objection was taken.

The defendant now contends that the jury should not have believed the plaintiff's evidence that he set the can three feet away from the lamp, since it is contradicted by the scientific facts established by the testimony of defendant's experts, especially Prof. Angell, and that it necessarily follows from this testimony that the plaintiff must have set the "can in close proximity to the flame, which was, as a matter of law, an act of contributory negligence."

This contention of the defendant raises the single question whether the evidence of Prof. Angell and Mr. Robbins, defendant's experts, amounts to a demonstration of the physical fact that it was impossible for this explosion to have occurred by reason of the mixture of alco-

holic vapor with air when the can was three feet away from the lamp. The testimony of Mr. Robbins is of such a general and indefinite character that it calls for no special consideration. The only proof which approaches a scientific demonstration of this fact is found in the following testimony of Prof. Angell, upon which the defendant mainly relies,:

"Q. Can you explain why it would be impossible for that lamp to cause an explosion three feet away under these circumstances? A. In order to produce an explosion with gas or vapor and air, there must be what we term an explosive mixture; that is, the gas or vapor must impregnate the air sufficiently so that it will take fire on contact with the flame and burn rapidly, and I should say on the least calculation we should have to allow 3 per cent. of vapor in the air in order to ignite it, and if the vapor was issuing from that can a distance of three feet all around it, it would fill a space six feet in diameter approximately, or about 600 gallons capacity, and 3 per cent. of that would be about 18 gallons or 72 quarts. I should judge the vapor in the can might occupy the space of 3 quarts. If we had a quart of liquid or alcohol in the can, there would be 3 quarts of vapor, and that would have to be augmented to 73 quarts at least to saturate this space sufficiently to cause an explosion— sufficiently to cause it to ignite if brought in contact with the flame three feet away."

In this statement Prof. Angell says that:

"If the vapor was issuing from that can a distance of three feet all around it, it would fill a space six feet in diameter approximately."

And he then proceeds to estimate the quantity of alcoholic vapor it would take to fill this space with an explosive mixture composed of vapor and air. Prof. Angell's calculations are based upon the assumption that the vapor issuing from the can is distributed uniformly in the space surrounding the can, and he does not take into consideration the actual or possible conditions and circumstances existing at the time, which enter into the situation and which may have affected the result. Taking this testimony of Prof. Angell as a whole, it amounts to little more than the theoretical statement by an expert that under certain ideal or perfect conditions, where the alcoholic vapor might be uniformly distributed, it would, according to the laws of physics, take a certain quantity of alcoholic vapor to fill a space around the can six feet in diameter with an explosive mixture of air and vapor.

Prof. Angell's statement is incomplete. It is not a demonstration of the physical fact in question, because it fails to consider all the surrounding conditions and circumstances. For example, this can rested on a bench, and this bench was near the side of the room; and the question arises how far these obstructions might have affected the distribution of the vapor and the direction it would take. Again, the plaintiff stood near the can; and the question arises to what extent his body and his movements during the 25 minutes he was engaged in his work would have affected the distribution and direction of this volatile gas.

Further, it is apparent that the vapor issued from this can under pressure, and therefore with considerable propelling force, like the steam issuing from a kettle of boiling water, and the question arises how far this circumstance would affect the situation, especially if the nozzle of the can was pointed in the direction of the flame of the lamp. Again, it is a well-known fact that atmospheric conditions are disturbed by the

flame of a lamp, and in this case there was a flame from four to five inches high from a lamp located three feet away from the can. Further, Prof. Angell's conclusion rests upon the assumption that during the 25 minutes this gas was escaping from the can there were no draughts or currents of air which would have disturbed the atmospheric conditions and which might have driven this vapor in the direction of the flame of the lamp.

Prof. Angell's conclusion is based upon the absence of all these disturbing elements or forces, and therefore it cannot be said to be a scientific deduction from all the facts and conditions which enter into the problem. It is manifest that a conclusion of this character cannot have the probative force of a demonstration of a physical fact; and hence it follows that this testimony is not sufficient to overcome the plaintiff's prima facie case.

Prof. Angell admits that his deductions in this case are founded upon his scientific observations and education rather than upon the specific facts and circumstances of this case:

"Q. Then what you say is the result of your deductions from scientific observations and education? A. Yes, sir.

"Q. Rather than from experience? A. No experience of any explosion similar to this."

For these reasons the first exception must be overruled.

2. With respect to the remaining exception, it is sufficient to observe that the court below excluded this specific question asked Prof. Angell on the ground that it was too general in its character. Before excluding this question, Prof. Angell has testified that he had no knowledge as to how wood alcohol was protected in establishments like the defendant's. Since the qualifications of Prof. Angell to testify as an expert respecting this particular inquiry, as well as the form and scope of the question propounded, were matters resting largely in the discretion of the court, we find no error in this ruling. Spring Company v. Edgar, 99 U. S. 645, 658, 25 L. Ed. 487.

The judgment of the Circuit Court is affirmed, and the defendant in error recovers costs in this court.